FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

2018 JAN -8 PM 2: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

VINCENT ABBATIELLO, JR.,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.

_____/

CASE NO.:

2:18-CU-11-FtM-38MRM

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
## NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter

"STATE FARM"), hereby removes to this Court the action filed against it in the Twentieth Judicial

Circuit in and for Lee County, Florida, Civil Division, Case Number 17-CA-003355. As grounds

for removal of this action to the United States District Court for the Middle District of Florida,

Fort Myers Division, STATE FARM states as follows:

### FACTUAL BACKGROUND

1. This lawsuit arises out of an automobile accident occurring on September 15, 2015 from

   which Plaintiff, VINCENT ABBATIELLO, JR. (hereinafter "Plaintiff"), alleges to have

   suffered bodily injuries with resulting compensatory damages (hereinafter "the subject

   incident").

2. On October 13, 2017, Plaintiff filed a Complaint against STATE FARM, styled, *VINCENT*

   *ABBATIELLO, Plaintiff vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE*

COMPANY, *Defendant*, Case Number 17-CA-003355, and, on November 1, 2017, STATE

FARM was served with the Complaint.

3. In his Complaint, Plaintiff seeks "damages in a sum in excess of $15,000.00, exclusive of

interest and costs." *See* Complaint, attached as Exhibit "A" at ¶ 9.

4. On November 17, 2017, STATE FARM served Requests for Admissions and

Interrogatories on Plaintiff which sought information relating to Plaintiff's citizenship and

the amount in controversy. *See* Requests for Admissions, attached as Exhibit "B," and

Interrogatories, attached as Exhibit "C."

5. On December 8, 2017, Plaintiff served his Amended Responses to the Requests for

Admissions (hereinafter "Amended Responses"). *See* Amended Responses, attached as

Exhibit "D."

6. On January 5, 2018, Plaintiff served his Answers to Interrogatories. *See* Answers to

Interrogatories, attached as Exhibit "E."

7. With respect to his citizenship, Plaintiff admitted the following:

   a. That on the date of filing of the Complaint and at all times relevant and material to

   the Complaint, Plaintiff Vincent Abbatiello, Jr. was a citizen of the State of Florida.

   b. That on the date of filing of the Complaint and at all times relevant and material to

   the Complaint, Plaintiff Vincent Abbatiello, Jr's true, fixed and permanent home

   and principal establishment was located in the State of Florida.

   c. That Plaintiff Vincent Abbatiello, Jr. was not a citizen of the State of Florida for

   purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

   *See* Exhibit "D."

8. With respect to the amount in controversy, Plaintiff admitted the following:

    a.  In total, he seeks $75,000.00 or more in this lawsuit;

    b.  The total value of his claims is equal to or greater than $75,000.00;

*See* Exhibit "D."

9. Plaintiff's Responses constitute "other paper from which it [was] first . . . ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) and (b)(3)(A).

10. Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed.

11. Further, STATE FARM has not previously filed a Notice of Removal of this action.

12. Venue of this removal in the Middle District of Florida, Fort Myers Division is proper under 28 U.S.C. § 1441(a) because the Middle District of Florida, Fort Myers Division embraces Lee County, the place where the action is currently pending.

13. As explained in more detail below, Plaintiff is a citizen of the State of Florida, and STATE FARM is a citizen of the State of Illinois, and, therefore, there is diversity of citizenship between the parties, as required for removal under 28 U.S.C. § 1332(a).

14. In addition, as explained in more detail below, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, as required for removal under 28 U.S.C. § 1332(a).

15. Pursuant to 28 U.S.C. § 1446(d), STATE FARM has given written notice of this removal to counsel for Plaintiff. *See* Notice of Filing Notice of Removal, included with this filing.

16. In addition, STATE FARM will file a copy of this Notice of Removal with the Clerk of the Court for the Twentieth Judicial Circuit in and for Lee County, Florida. *See* Notice of Filing Notice of Removal, included with this filing.

17. Further, STATE FARM, in accordance with Local Rule 4.02(b) has filed with its Notice of Removal all copies of process, pleadings, orders, and other papers or exhibits of any kind, on file in the state court proceeding.

18. For the reasons set forth herein, this Court should accept jurisdiction over this action.

## MEMORANDUM OF LAW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Accordingly, this Court has original jurisdiction of this matter under 28 U.S.C. § 1332(a), and this action may be removed under 28 U.S.C. §§ 1441(a) and 1446(b)(3), because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the jurisdictional threshold.

## I.   TIMING OF REMOVAL; STANDARD OF PROOF; EVIDENCE PERMITTED

There are two types of documents which trigger the thirty-day (30-day) time requirement for removal of an action to federal court. Under 28 U.S.C. § 1446(b)(1), a defendant may remove a civil action by filing a notice of removal within thirty (30) days of receipt of the initial pleading. However, if the case is not removable based on the initial pleading, the defendant may file a notice of removal within thirty (30) days of receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The standard of proof that must be met depends on whether the party is removing the case under subparagraph (1) or subparagraph (3) of 28 U.S.C. § 1446(b). Where the removal is based on the initial pleading under subparagraph (1), the elements of removal must be proven by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). Where the removal is based on an "other paper" under subparagraph (3), the elements of removal must be "unambiguously established." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1207 (11th Cir. 2007).

Further, under 28 U.S.C. § 1446(b)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." Accordingly, responses to requests for admissions and answers to interrogatories propounded in state court may be used to establish that the case is removable to federal court. *See also, Lambertson v. Go Fit, LLC*, 918 F.Supp.2d 1283 (S.D. Fla. 2013) ("This Court finds that the proper triggering document in this case was Plaintiff's response to Defendant's request for admissions."); *Wilson v. Target Corp.*, 2010 WL 3632794 (S.D. Fla. Sept. 4, 2010) ("Courts have held that responses to request for admissions . . . can be 'other paper' under 28 U.S.C. § 1446(b)."); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) ("Defendants, as required by 28 U.S.C. § 1446(b), filed their notice of removal within thirty days of receiving Devore's responses to the damages interrogatories, which did not deny that she sought damages greater than $75,000.") (citing *Lowery*, 483 F. 3d 1184); *Field v. National Life Ins. Co.*, 2001 WL 77101 at *7 (M.D. Fla. Jan. 22, 2001) and cases cited therein ("It is clear that interrogatory answers can constitute 'other papers.'").

Finally, where a plaintiff's responses to requests for admissions and/or answers to interrogatories clearly indicate that the amount in controversy exceeds $75,000.00, those responses and/or answers alone are sufficient to unambiguously establish that the jurisdictional threshold has

been satisfied. For example, where a plaintiff had previously indicated that his economic damages amounted to $38,693.95, and later admitted that his non-economic damages exceeded $36,306.05, the district court found that his latter admission "established the amount in controversy exceed[ed] $75,000.00." *Jennings v. Powermatic*, 2014 WL 2003116, *3 (M.D. Fla. May 15, 2014). In fact, more often than not, when a plaintiff admits and/or indicates in discovery that the amount in controversy exceeds the jurisdictional threshold, the inquiry is not whether the amount in controversy has been established, but whether the removal was timely (presumably because there is no question as to the satisfaction of the amount in controversy requirement under such circumstances). *See, e.g., Lambertson*, 918 F.Supp. 2d at 1285; *Moore v. North America Sports, Inc.*, 623 F. 3d 1325 (11th Cir. 2010).

## II. DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

For diversity jurisdiction purposes, a party's state citizenship, or domicile, "is determined by two factors: residence and intent to remain." *Jones v. Law Firm of Hill and Ponton*, 141 F.Supp.2d 1349, 1355 (M.D. Fla. 2001). In determining a party's citizenship, "a court should consider both positive evidence and presumptions. One such presumption is that the state in which a person resides at any given time is also that person's domicile." *Id.* (citations omitted). However, because no single factor is conclusive, the court must look to the "totality of the evidence." *Id.*

First, in his Complaint, Plaintiff fails to allege that at all times material to the subject motor vehicle accident that he is or was a resident of Florida. *See,* Complaint, attached as Exhibit "A." In his Amended Responses to STATE FARM's Request for Admissions, Plaintiff admitted and/or indicated that, at all times relevant to the subject accident, he was and is a resident of the State of Florida; he intended and intends to remain living in the State of Florida; and he was and is not a resident of the State of Illinois. *See* Exhibit "D." Thus, considering the totality of the evidence, as

well as the presumption that the state in which a person resides is also that person's domicile, this Notice of Removal, together with the attached documents, unambiguously establish that Plaintiff is a citizen of the State of Florida.

Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed a citizen of the State by which it has been incorporated and of the State where it has its principal place of business. At all times relevant to the subject accident, STATE FARM was and is incorporated in the State of Illinois, and its principal place of business was and is Bloomington, Illinois. *See* Affidavit of Tracy Willingham, attached as Exhibit "F." Thus, under 28 U.S.C. § 1332(c), for purposes of this removal, STATE FARM is deemed a citizen of Illinois. Accordingly, this Notice of Removal, together with the attached documents, unambiguously establish that diversity of citizenship exists between Plaintiff and STATE FARM.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

The U.S. District Courts have long recognized that the standards of evidence required for removal of a matter to federal court "give *great weight* to plaintiff's assessment of the value of plaintiff's case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (emphasis added). They also "assume that plaintiff's counsel best knows the value of his client's case and . . . further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences." *Id.* at 1095. Accordingly, a defendant intending to remove an action to federal court is "entitled to rely on Plaintiff's assessment of [his] claim" as set forth in his pleadings. *Hill v. Allianz Life Ins. Co. of North America*, 51 F.Supp. 3d 1277, 1282 (M.D. Fla. 2014).

On November 17, 2017, STATE FARM propounded Requests for Admissions on Plaintiff, which sought, in part, information relating to the amount in controversy. *See* Exhibits "B". In his Amended Responses, Plaintiff admitted that, in total, he seeks $75,000.00 or more in this lawsuit; the total value of his claims is equal to or greater than $75,000.00. *See* Exhibit "D." Additionally, Plaintiff provided STATE FARM with Answers to Interrogatories which outline that Plaintiff's medical bills alone total $40,992.48. *See* Exhibit "E." Plaintiff is also seeking damages for past, present and future pain and suffering.

Plaintiff's Amended Responses and Answers to Interrogatories clearly indicate that the amount in controversy exceeds $75,000.00. As evidence of the value of his claims in this lawsuit, Plaintiff's admissions and indications "deserve[] deference and a presumption of truth." *Burns*, 31 F. 3d at 1096. Further, STATE FARM is "entitled to rely" on these admissions to establish that the jurisdictional threshold has been met. *Hill*, 51 F. Supp. 3d at 1282. Therefore, it is permissible for the court to consider this as evidence of the amount in controversy in this case. *Black v. State Farm Mutual Automobile Ins. Co.,* 2010 WL 4340281 (S.D. Fla. 2010). Accordingly, this Notice of Removal, together with the attached documents, unambiguously establish that the amount in controversy in this matter exceeds $75,000.00.[1]

## CONCLUSION

For the reasons stated above, all requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) have been met. First, complete diversity of citizenship exists between Plaintiff and STATE

---

[1] STATE FARM's position that the jurisdictional amount has been met in this matter is not an endorsement as to the accuracy or the merits of the indications in Plaintiff's Amended Response to Request for Admissions or Plaintiff's Answers to Interrogatories.

FARM. Second, the amount in controversy exceeds the jurisdictional threshold. Thus, it is proper for this Court to exercise subject matter jurisdiction over this matter.

**WHEREFORE,** Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that the State Court Action now pending in the Twentieth Judicial Circuit in and for Lee County, Florida be removed to the United States District Court for the Middle District of Florida, Fort Myers Division, and further requests that this Court assume jurisdiction over this action as provided by law.

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2018, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and that I emailed the foregoing document and notice of electronic filing to the following non-CM/ECF participants:

**Derrick G. Isaac, Esquire**,
Florida Bar No.: 0088664
Goldstein, Buckley, Cechman, Rice & Purtz, P.A.
P.O. Box 2366
Fort Myers, FL 33602-2366
Phone: (239) 334-1146
Email: dgi@gbclaw.com
        emr@gbclaw.com
        blm@gbclaw.com
*Attorney for Plaintiff*

By: _____

Jesse Gubernat, Esquire
FBN: 55928
Banker Lopez Gassler P.A.
4315 Metro Parkway., Suite 550
Fort Myers, Florida 33916
Phone: (239) 985-4890    Fax: (239) 322-1310
Email: service-jgubernat@bankerlopez.com
*Attorney for the Defendant*